## 26377. GRESHAM v. SYMMERS.

HAWES, Justice. The appeal in this case is from the judgment of a judge of the Civil and Criminal Court of DeKalb County (denominated the State Court of DeKalb County) overruling defendant's motion to quash summons and overruling defendant's motion to dismiss for lack of jurisdiction of the person of defendant and for lack of jurisdiction of the subject matter of the action. A certificate of immediate review was timely filed. Jurisdiction of the appeal is in this court by reason of an attack by the movant on the constitutionality of a portion of the Act approved March 29, 1968 (Ga. L. 1968, pp. 2928-2934). The order appealed from expressly overruled the consitutional attack made upon the statute cited.

1. In *Crosby v. Dixie Metal Co.*, 227 Ga. 541, which was a certified question from the Court of Appeals relating to the Civil Court of Bibb County, we held that the declaration of the legislature that the Civil Court of Bibb County was a court of record, coupled with provisions requiring the keeping of permanent records, constituted such court a court of record within the meaning of that term as used in the Civil Practice Act. In *DeKalb County v. Deason*, 221 Ga. 237 (144 SE2d 446), this court had for consideration another question certified to it by the Court of Appeals as to whether the Civil and Criminal Court of DeKalb County was then a court of record. That question was answered in the negative. By Sec. 3 of the Act approved March 29, 1968 (Ga. L. 1968, pp. 2928, 2932), the General Assembly amended the Act approved February 14, 1951 (Ga. L. 1951, p. 2401 et seq.) creating the Civil Court of DeKalb County and the Acts amendatory thereof by adding to said Act a new section 12-B. In paragraph (a) of that section the Civil and Criminal Court of DeKalb County (the name of the said court having been changed pursuant to the Act approved March 17, 1958, Ga. L. 1958, p. 2519) was declared to be a court of record and required as such to keep only the following records: (1) an index of all civil and criminal cases filed; (2) dockets showing the final disposition of all cases; (3) all the original pleadings in civil cases; and, (4) all accusations and

sentences in criminal cases except as thereinafter provided. Then follows in the same paragraph of Sec. 12-B a provision that, "after final disposition of any and all cases, both civil and criminal in said court, the clerk shall at the direction of the court have all indexes and dockets, the original pleadings in civil cases and all criminal sentences and accusations preserved as a part of the original record by having such documents microfilmed and kept as the permanent records of the court." We now hold that, under the ruling made by this court in the case of *Crosby v. Dixie Metal Co.,* 227 Ga. 541, supra, the addition of these provisions to the Act creating the Civil and Criminal Court of DeKalb County constitutes such court a court of record as that term is used in the Civil Practice Act.

2. Section 1 of the Civil Practice Act (*Code Ann.* § 81A-101) provides that "this title governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exception stated in § 81A-181." Section 81 (*Code Ann.* § 81A-181) provides that "this title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure are in conflict herewith." Such special statutory proceedings are the only exceptions to the practice and procedure prescribed by the Civil Practice Act permitted in courts of record. While it is true that § 12 (a) of the Civil Practice Act (*Code Ann.* § 81A-112 (a)) provides that the defendant shall serve his answer within 30 days after the service of the summons and complaint upon him *unless otherwise provided by statute* the phrase "otherwise provided by statute" relates to such special statutory proceedings (such as quo warranto, mandamus, etc.) as may prescribe specific rules of practice and procedure with relation to the time of filing defensive pleadings as may be different from the 30 days permitted under the Civil Practice Act, and not to local practice rules provided in the various statutes creating such courts as the Civil and Criminal Court of DeKalb County. The legislature having declared the Civil and Criminal Court of DeKalb County to be a court of record thus automatically brought it under the provisions of the Civil Practice Act, and the legislature could not constitutionally

thereafter, either in the same Act or in a subsequently enacted law, vary the rules of Practice and Procedure provided for in the Civil Practice Act by adding provisions such as embodied in § 12-B (b) requiring defendants to file defensive pleadings sooner than 30 days after service of the complaint on them. Such variance as to a court of record violated the provisions of Art. I, Sec. IV, Par. I of the Constitution of the State of Georgia (*Code Ann.* § 2-401), declaring that laws of a general nature shall have uniform operation throughout the State and that no special law shall be enacted in any case for which provision has been made by an existing general law. A similar provision applicable to courts is provided in Art. VI, Sec. IX, Par. I of the Constitution of the State of Georgia (*Code Ann.* § 2-4401) which provides: "Except as otherwise provided in this Constitution, the jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except City Courts) of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree, by such courts, severally, shall be uniform." Under these constitutional provisions the legislature has, by the passage of the Civil Practice Act and by providing that it shall apply in all courts of record provided for a uniform practice in courts of record. The legislature cannot, then, proceed to declare that the practice in some courts of record shall be different. It follows that the trial court erred in overruling the attack on the constitutionality of Sec. 12-B (b) of the Act creating the Civil and Criminal Court of DeKalb County, which section was added by Sec. 3 of the Act approved March 29, 1968 (Ga. L. 1968, pp. 2928, 2932).

3. The procedure followed by the Civil and Criminal Court of DeKalb County (not the State Court of DeKalb, see Ga. L. 1951, pp. 2401, 2403, § 5; *Austin v. Aldredge,* 227 Ga. 119 (179 SE2d 66)) in this case did not comply in several respects with the requirements of the Civil Practice Act. The summons attached to the complaint is not addressed to the defendant; it did not advise the defendant that he must file an answer within 30 days of the date of service upon him, but required the defendant to answer on or before the first Monday in September, which was less than 30 days after service of the sum-

mons, and said summons did not state the name and address of the plaintiff's attorney or plaintiff's address. Ga. L. 1966, pp. 609, 610 and 671 (*Code Ann.* §§ 81A-104 (b) and 81A-301). The process in this case was not in substantial compliance with the requirements of the Civil Practice Act respecting its form and since it did not allow the defendant 30 days in which to file his answer, the motion of the defendant to quash the summons should have been sustained.

*Judgment reversed. All the Justices concur.*
ARGUED MARCH 9, 1971—DECIDED MAY 20, 1971.

*Roy J. Leite, Jr.,* for appellant.
*Mose S. Hayes,* for appellee.

