## 46751.   AIRPORT ASSOCIATES v. AUDIOPTIC INSTRUCTIONAL DEVICES, INC.

DEEN, Judge. 1. The Jack Jones pleading forms (Ga. L. 1847, p. 490) were not repealed by the Civil Practice Act (Ga. L. 1966, p. 609) and are still proper methods of pleading. The complaint here follows the form for recovery of personal property as set out in § 3390 of the Code of 1882 and is therefore sufficient. Any insufficiency in the description of property allegedly converted which is attached as an exhibit to the complaint would, under the new practice, not make the pleading subject to a motion to dismiss, as the proper procedure would be a motion for more definite statement. The motion to dismiss for failure to state a claim was properly overruled.

2. The defendant Airport Associates moved for summary judgment, denial of which is here appealed from. On the motion the court had for consideration the pleadings, answers to interrogatories and requests for admission, and the affidavit of one Rowland Barnes. The latter states that the property in question was seized from Robert Deaton, president of the plaintiff Audioptic Associates Ltd., and also president of Learning Research and Development Corp., which latter is not a party to this litigation, by deputy marshals of Fulton Civil Court in Case No. 343632 of that court and sold to the highest bidder on November 2, 1970, and that it was bought in at the sale by the defendant. It also appears that "the consideration for the property was $1,000 cash and a $3,000 note. The date of payment was September 9, 1970, and was

paid by Robert D. Deaton," and that the property was in the possession of Deaton when picked up by the marshal. There is no information in the record as to the nature of the case "in which" the property was sold, who the parties to that litigation were, or what judgment was rendered. We are left in the dark as to the entity from whom Deaton purchased the property, whether he did so individually, as president of the plaintiff, or as president of Learning Research, and whether title passed at the time the purchase arrangements were made.

The appellate courts simply cannot nor are they authorized by law to infer from statements of counsel in their briefs facts which never managed an introduction into or even a nodding acquaintance with the record. The trial court did not err in denying the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*
ARGUED JANUARY 5, 1972—DECIDED JANUARY 20, 1972.

*J. E. Wilson,* for appellant.
*Archer, Patrick & Sidener,* for appellee.