27561. MURPHY v. HOPE.

JORDAN, Justice. Terrell Murphy initiated a class action as a member of a class consisting of the congregation of the First Baptist Church on New Street in Macon, alleging

that the defendant, Julius Caesar Hope, was holding himself out as pastor of the congregation, although in fact he had not been elected by the congregation; that he does not visit the sick and infirm but always has his "hand in the till for himself and his wife"; that he invites other speakers to the church and that his wife charges the church room and board for such visiting speakers; that he has used the building fund to "repair his washing machine, buy grass seed, shrubbery and an antenna"; that his sermons "are not Biblical sermons at all but raving and ranting by a man bent on destroying a congregation"; that he "uses revivals not to save the lost and revive the saved but to raise money for his pet projects"; and that he has engaged in numerous other activities detrimental to the church and usurpation of the duties of individuals and committees. The plaintiff concluded with the allegation: "It is no longer a congregation but a building housing Julius Caesar Hope, run by Julius Caesar Hope for Julius Caesar Hope. . ." He prayed that Hope be restrained from committing the acts complained of and that he be removed from the pulpit. The defendant answered denying the material allegations and moved to dismiss the action for failure to state a claim. He also submitted answers on interrogatories from the plaintiff, affidavits from members of the congregation, and his own affidavit, and moved for summary judgment. The day before the hearing on this motion, the plaintiff without notice or leave of court filed an amendment to the complaint which purported to convert the claim from a class action to an individual action, and then, as an individual plaintiff, filed a purported voluntary dismissal without prejudice and without leave of the court. The trial judge refused to recognize the purported amendment and the purported dismissal, denied an oral motion to dismiss with the approval of the court, and granted summary judgment for the defendant. The plaintiff appeals from this judgment. *Held:*

1. It is beyond question that the plaintiff initiated a class

action which comes under the provisions of CPA § 23 (a) (1) (*Code Ann.* § 81A-123 (a) (1)), which is therefore subject to the further provisions of CPA § 23 (c) (*Code Ann.* § 81-123 (c)), precluding dismissal or compromise without the approval by the court, and requiring the giving of notice of proposed dismissal or compromise to all members of the class in such manner as the court directs.

In view of these specific rules relating to class actions, we think it necessarily follows that the general rule permitting amendment as a matter of course and without leave of court before the entry of a pre-trial order, as stated in CPA § 15 (a) (*Code Ann.* § 81A-115 (a)), has no application in respect to a class action, if the proposed amendment is one which would have the effect of compromising the claim. The rule for voluntary dismissal without order of court, which operates as a dismissal without prejudice, is expressly subject to the provisions of CPA § 23 (c) (*Code Ann.* § 81A-123 (c)).

Accordingly, the trial judge properly treated the purported amendment and voluntary dismissal without leave of the court as ineffectual. As the case then stood it was ripe for adjudication on the motion of the defendant for summary judgment, and the trial judge did not err in proceeding to a consideration of the motion, after refusing to grant the oral motion of the plaintiff then seeking to dismiss the complaint without prejudice with leave of the court.

2. It is undisputed that the class which the plaintiff purports to represent consists of the members of an unincorporated association operating as a Baptist Church under a congregational form of church government, whereby a majority of the members have the right to control the affairs of the church. In this connection see *Bates v. Houston*, 66 Ga. 198. It is also undisputed from the defendant's evidence in support of his motion for summary judgment that he is acting with the consent of a majority composed of more than 90% of the members of the congregation, who have no desire to oust him as pastor

and have repeatedly endorsed his administration of the affairs of the church.

Ordinarily, absent an illegality or injustice, courts will not interfere in the internal affairs of an association, and the decision of the association is controlling. An aggrieved member should generally exhaust his remedies within the association before seeking judicial relief. 7 CJS 79, 81, Associations, § 34.

The record affirmatively discloses no basis for a class action on behalf of a majority of the class involved and the trial judge properly granted summary judgment for the defendant.

*Judgment affirmed. All the Justices concur.*
SUBMITTED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972.

*M. Glenn Howell*, for appellant.
*Adams, O'Neal & Hemingway, H. T. O'Neal, Jr.*, for appellee.