48695. LEE et al. v. G. A. C. FINANCE CORPORATION.

EBERHARDT, Presiding Judge. G. A. C. Corporation brought suit against Odell Lee and Vera M. Lee in the Municipal Court of Columbus upon a promissory note executed by the defendants to the plaintiff for an obligation incurred under provisions of the Georgia Industrial Loan Act (Code Ann. Ch. 25-3). The suit was filed February 26, 1973 and summons or process was issued the same date directed to the defendants and requiring answer to be filed on the second Monday in April, 1973. The marshal was unable to perfect service because the defendants had moved and he was unable to locate them. On June 12, 1973 the plaintiff, having located the defendants at their new address, moved that the process be amended and made returnable to the July Term of the court, and this was done by order of the court on that date. Service was perfected June 14, 1973. No answer or defensive pleadings were filed by July 9, 1973 (the second Monday in July), and on July 18 a default judgment for the principal amount sued for was entered.

On July 25, 1973 the defendants moved to set aside the judgment and to open the default on the grounds: (a) that under the provisions of the Civil Practice Act (Code Ann. § 81A-104 (d) (1)) the defendants had been entitled to 30 days after service within which to make answer, and that within 15 additional days they were entitled as a matter of right to open the default upon payment of the accrued costs or the filing of a pauper's affidavit, and hence, that no lawful judgment could be entered against the defendants until after expiration of 45 days from the date of service. Code Ann. § 81A-155 (a); and (b) that the copy of the note and disclosure statement attached to the petition, forming the basis of the action, were void under provisions of the Industrial Loan Act. *Held:*

1. The Municipal Court of Columbus is a court of record. Ga. L. 1952, p. 2184 et seq., §§ 16, 21, 24; *Passmore v. Truman & Smith Institute,* 117 Ga. App. 620 (2) (161 SE2d 323).

2. The Civil Practice Act, § 81A-101, provides that its provisions "govern the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in § 81A-181." Section 81A-181 makes provision for special statutory proceedings, and these are the only exceptions to the practice and procedure prescribed by the Civil Practice Act permitted in courts of record. *Gresham v. Symmers,* 227 Ga. 616 (182 SE2d 764). Adoption of the Civil Practice Act had the effect of repealing provisions of the Act creating the Municipal Court of Columbus which was contrary to its provisions. Consequently, the summons or process on all civil cases in that court should be issued and made returnable in accordance with the provisions of the Civil Practice Act.

3. The summons or process issued in this case was made returnable in a manner contrary to the provisions of Code Ann. §§ 81A-104, 81A-301 and 81A-112 (a). Under the CPA the summons or process is made returnable or answerable within 30 days after service, while here it was made returnable on the second Monday in July — less than thirty days after service. *Gresham v. Symmers,* 227 Ga. 616 (3), supra.

4. A default judgment may not lawfully be entered on the basis of a summons or process which was not in compliance with the Civil Practice Act. See Code Ann. § 81A-155 (a). The judgment entered in this case was, for that reason, void, and it was error to deny the motion to set it aside and open the default.

5. Whether the obligation forming the basis of the action is void for some reason is a matter that was not passed on under defenses proposed to be filed in the trial court, and since we are reversing the denial of the motion to set the default judgment aside and open the default, so that defensive pleadings may be filed and evidence heard, it is a matter which will likely be presented to and ruled on by the trial court, and this court should refrain from making any judgment thereon at this time.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED OCTOBER 9, 1973 — DECIDED OCTOBER 19, 1973.

*Charles M. Baird, John L. Cromartie, Bettye H. Kehrer,* for appellants.

*Thomas L. Thompson, Jr.,* for appellee.