## 48856. FAIRCLOTH v. THE STATE.

HALL, Presiding Judge. W. G. Faircloth ("appellant") was convicted of the felony of theft by taking 885 bushels of corn, being the property of Hill Noble, by unlawfully harvesting and selling it. The trial evidence showed that appellant owned the farm land on which the corn was grown; he rented the land to Noble for $1,900 paid by check dated February 21, 1972; Noble bought and paid for the corn seed, the fertilizer, and "the solution" to be placed on the corn when it was knee-high; Noble paid various people, including appellant, to plant, work and tend the crop. Noble testified that appellant then threatened to shoot him if he came onto the land to harvest the corn, and because of the threat Noble waited until after the first of January to attempt his harvest. Then, accompanied by a sheriff, he went onto the land to pick the crop but found it already gone. The evidence showed the corn had been harvested January 22, 1973 by a workman who was hired and paid by appellant, and was sold by appellant "at the CPA" under the name of appellant's brother-in-law, a policeman. Appellant's unsworn statement recited that the land lease was not for 12 months but was for a "crop year" ending December 31, 1972; that appellant had sold the land and promised the buyer to have it cleared within 30 days; that Noble had not paid appellant for some of the farm work appellant had done; that he had removed the crop to clear the land and sold it at the highest price on his attorney's advice, and after deducting from the proceeds the amount he claimed Noble owed him, he deposited the remainder in a savings account. On rebuttal, Noble denied that he was indebted to appellant in any amount on January 23, (sic) 1973.

Enumeration 1 asserts "that the lower court erred in denying appellant's motion for a new trial ex parte and without notice to appellant's counsel of record."

No irregularity is reflected on the face of the record, which shows that on February 19, 1973, the trial judge ordered that the new trial motion be heard on March 22, 1973. Subsequently (without any intervening entry on the record) there appears an order of

the trial judge dated May 24, 1973 denying the motion, and indicating that the order was sought by the district attorney. The record is silent on all matters of notice to appellant, and here he attempts in his brief to advance facts outside the record. Had appellant wished to introduce evidence on the question of his notice of the motion hearing, he should have done so by an appropriate proceeding in the trial court. We are not able to receive evidence not admitted into the record. *Airport Associates v. Audioptic Instructional Devices, Inc.,* 125 Ga. App. 325 (187 SE2d 567). This enumeration, the merit of which appellant has the burden of establishing, insofar as it refers to the notice point cannot be proved by anything now in the record and consequently must be determined to be without merit.

To turn to the merits of the new trial motion, the trial evidence detailed above shows a sharp conflict between the testimony of Noble and appellant. The reconciliation of conflicting testimony is solely within the province of the jury, and theirs is the sole decision of whom to believe. *Pinion v. State,* 225 Ga. 36 (165 SE2d 708). The state's evidence, though controverted by appellant in his statement, provided some evidence of every element of the offense charged, and authorized the verdict.

Enumeration 2 alleges error in the trial court's limiting appellant's cross examination of Noble on the subject of a contract (concerning raising greens "on shares") entirely separate from the corn contract, but one under which appellant was evidently (so the transcript would suggest) planning to claim that money was still owed him, thus supposedly authorizing or excusing his seizing the corn as payment. Appellant grounded his defense in a "claim of right" to the crop, under Code Ann. § 26-1810. There was no error in the trial court's limiting[1] the cross examination to the corn contract, as the additional contract was legally irrelevant to the question of the corn seizure.

Enumeration 3 claims error in the court's charge regarding tenant law, the error consisting of the court's referring to the land here involved as "occupied" by the tenant when the evidence did not

---

[1] The trial court's actual ruling was, "I'll let him talk about the $1,900 [corn contract] right now. And then, we'll get into that [the alleged greens contract]." Therefore, there is actually no ruling that prohibited the cross examination appellant sought, though he did not return to it.

show such occupation. The evidence detailed above shows occupancy of the rented land by Nobles, as "occupancy" connotes possession, and this enumeration is without merit. Contrary to appellant's implied position, to "occupy" and to "reside upon" are two different things and the former does not in law necessarily contemplate the latter.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED FEBRUARY 8, 1974.

*M. Dale English,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.