## 49502. YEARGIN v. BURLESON.

STOLZ, Judge.

On February 7, 1974, the appellee filed a "process back" lawsuit against the appellant in the State Court of DeKalb County, consisting of the names and addresses of the parties, the appearance date, and the following statement of "complaint": "Damage $140 to replace left door on a 1969 Mustang on 1 - 5 - 74." The defendant's answer pleaded failure of the "complaint" to state a claim and denial of indebtedness for the sum sued for. The defendant appeals from the order, certified for immediate review, denying her motion to dismiss on the ground that the "complaint" fails to state a claim upon which relief can be granted.

1. The State Court of DeKalb County is a court of record. Ga. L. 1968, pp. 2928, 2932; *Gresham v. Symmers,* 227 Ga. 616 (1) (182 SE2d 764).

2. The procedure in this court of record is governed

by the Civil Practice Act, with exceptions not here applicable. Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610); Code Ann. § 81A-181 (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109); *Lee v. G.A.C. Finance Corp.,* 130 Ga. App. 44 (2) (202 SE2d 221) and cit.; *Glenco-Belvedere Animal Hospital, Inc. v. Winters,* 129 Ga. App. 621 (200 SE2d 506); *Airport Associates v. Audioptic Instructional Devices, Inc.,* 125 Ga. App. 325 (1) (187 SE2d 567).

3. "A civil action is commenced by filing a complaint with the court." Code Ann. § 81A-103 (Ga. L. 1966, pp. 609, 610). "An original complaint shall contain facts upon which the court's venue depends and any pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." Code Ann. § 81A-108 (a) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230).

4. The purported pleading in the instant case does not meet the statutory standards for a complaint as set forth in § 81A-108 (a), supra; therefore, the denial of the motion to dismiss was error.

*Judgment reversed. Eberhardt, P. J., Pannell, P. J., Quillian, Clark and Webb, JJ., concur. Bell, C. J., Deen and Evans, JJ., dissent.*

Argued June 26, 1974 — Decided September 23, 1974.

*Kenneth G. Levin,* for appellant.
*David P. Burleson,* for appellee.

Bell, Chief Judge, dissenting.

The stated intent of the Civil Practice Act is for the courts to so construe the Act as "to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-101. In this pro se complaint, I feel we are not doing this and are too restrictive. I believe the complaint is sufficient under the Civil Practice Act and

I would affirm the trial court in its denial of the motion to dismiss.

DEEN, Judge, dissenting.

"All suits before justices of the peace shall be commenced by written summons. . . and such justice of the peace shall attach a copy of the note, account, or cause of action sued on, to said summons at the time the same is issued." Code § 24-1102.

"Be it further enacted by the authority aforesaid, that the Civil and Criminal Court of DeKalb County shall have all the jurisdiction as to subject matter now exercised by justices of the peace and justice courts in Georgia throughout DeKalb County. In addition thereto said court shall have jurisdiction. . ." etc. Ga. L. 1962, p. 3227.

Justice court jurisdiction is limited to suits of under $300. *Lee v. G.A.C. Finance Corp.,* 130 Ga. App. 44 (202 SE2d 221) and other cases cited in the majority opinion involved actions for larger amounts as to which a complaint must be filed under the Civil Practice Act. Code Ann. § 81A-104. Additionally, *Gresham v. Symmers,* 227 Ga. 616 (1) (182 SE2d 764) involves the constitutionality of an entirely different statute and would not apply here.

In my opinion the summons meets statutory requirements and is not subject to a motion to dismiss.

I am authorized to state that Judge Evans concurs in this dissent.