## 50723. PITTMAN v. McKINNEY.

WEBB, Judge.
1. The Civil Practice Act governs the procedure "in all courts of record. . ." CPA § 1 (Code Ann. § 81A-101).
2. In cases involving more than $300, the Civil Court of Fulton County is a court of record. *Cole v. Cates,* 113 Ga. App. 540, 542 (1) (149 SE2d 165); *Estes Heating &c. Co. v. McGuire,* 113 Ga. App. 800 (1) (149 SE2d 831); *Lymon v. Hollywood Fashions, Inc.,* 126 Ga. App. 627, 628 (1) (191 SE2d 473).
3. Where a provision of a special Act establishing a court of record conflicts with a provision of the Civil Practice Act, the latter controls. *Gresham v. Symmers,* 227 Ga. 616 (2, 3) (182 SE2d 764); *Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (176 SE2d 604); *Crosby v. Dixie Metal Co.,* 124 Ga. App. 169 (183 SE2d 59); *Lee v. G.A.C. Finance Corp.,* 130 Ga. App. 44 (202 SE2d 221); *National Health Services v. Townsend,* 130 Ga. App. 700 (204 SE2d

299); *Pate v. Milford A. Scott Real Estate Co.,* 132 Ga. App. 49 (207 SE2d 567); *Yeargin v. Burleson,* 132 Ga. App. 652 (209 SE2d 99) and cits.

4. CPA § 55 (a) (Code Ann. § 81A-155 (a)) and Rule 10 of the Rules of the Civil Court of Fulton County require that damages be proved before a jury in actions ex delicto which are in default. Ga. L. 1913, pp. 145, 165, § 39, as amended, providing that a defendant who fails to demand a jury trial in the Civil Court of Fulton County on or before the appearance day is deemed to have waived a jury trial, is inconsistent with CPA § 55 (a) and must yield thereto. Since the record here shows on its face that the default judgment on plaintiff's ex delicto claim was entered without damages having been proved before a jury, the judgment is void on its face and the trial court erred in denying defendant's motion to vacate that judgment.

*Centennial Equities Corp. v. Hollis,* 132 Ga. App. 44 (207 SE2d 573) does not require a different result, since it was there stipulated that the in personam (money) judgment taken by default was void, leaving only a special lien upon the property by default.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED JUNE 18, 1975.

*Richard K. Greenstein,* for appellant.

*Cobb, Blandford & Werbin, Samuel N. Werbin,* for appellee.