## 60719. WALKER v. COLUMBUS INSURANCE AGENCY.

McMurray, Presiding Judge.

This case involves an action for damages which was filed pro se by the plaintiff against Columbus Insurance Agency and/or National Premium Budget Plan. Apparently plaintiff is contending that he had been denied credit solely on the basis of discrimination and sought damages arising out of same when, following the issuance of an automobile policy of insurance, same was cancelled when it was discovered the insured had not reported certain traffic violations. Columbus Insurance Agency answered, contending the complaint failed to state a claim, the defendant is not a legal entity, and no judgment can be obtained against it, and in general denied each and every allegation contained in the complaint.

A motion for summary judgment was filed by the defendant but was never heard. As a part of discovery conducted by defendant certain requests for admissions were made but same were not answered within 30 days from the date of service. Other evidence was submitted showing that the automobile insurance policy was cancelled because the plaintiff did not pay an additional premium when it was discovered he had past traffic violations although he had

signed a statement when applying for the policy, stating that he had not had any driving violations or accidents during the past 3 years.

Thereafter, an order was issued by the trial court that the defendant had moved for an order of dismissal under Code Ann. § 81A-141 (b) (Ga. L. 1966, pp. 609, 653), for failure of the plaintiff to prosecute and the action was dismissed. This final order was dated and filed May 12, 1980, and served by mail by counsel for the defendant on May 13, 1980 (filed May 14, 1980).

On May 28, 1980, plaintiff moved to vacate the order but no rule nisi was attached thereto requiring any further hearing as to the matter. However, on May 28, 1980, a notice of appeal, delineated by plaintiff as "Application for Writ of Certiorari," dated May 23, 1980, was filed. While the notice of appeal does not refer to any particular order which the plaintiff seeks to appeal, nevertheless we will attempt to review the case based upon the finality of the judgment of May 12, 1980. *Held:*

The judgment of May 12, 1980, dismissed the action *with prejudice for failure of the plaintiff to prosecute.* The trial court stated it was based upon a motion for same under Code Ann. § 81A-141(b), supra. From plaintiff's brief and arguments it appears that he is under the impression the trial court granted the defendant's motion for summary judgment because he had failed to answer the request for admissions within 30 days as required by law. However, defendant's brief recites that the case came on for trial on May 12, 1980, and the trial court dismissed the action *with prejudice when the plaintiff failed to prosecute.* Under the "three minute" rule (Code Ann. § 24-3341), when a case is sounded for trial the parties shall immediately announce ready or move for continuance and if three minutes shall elapse "before the announcement or motion to continue, the plaintiff's case will be dismissed." See *Cowart v. Smith,* 182 Ga. 511 (1) (185 SE 819); *Kenemer v. Arkansas Fuel Oil Co.,* 67 Ga. App. 587 (1) (21 SE2d 348); *Calloway v. McElmurray,* 91 Ga. 166 (1) (17 SE 103); *Strother v. Hill Aircraft &c. Corp.,* 145 Ga. App. 116 (243 SE2d 262).

Under the status of the record here, we have no alternative but to affirm the trial court in its dismissal with prejudice even though we cannot ascertain from the record if the case came on for trial after due notice to the plaintiff acting pro se.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 8, 1980 — DECIDED OCTOBER 24, 1980 —

Willie C. Walker, *pro se.*
*David J. Perling,* for appellee.