68405. GOLDEN v. NEWSOME et al.
68585. GOLDEN v. TATUM.

(322 SE2d 314)

BIRDSONG, Judge.

While serving an unspecified sentence, the appellant Golden apparently was walking in an open (exercise) area of the prison. A theft of store goods (i.e., convenience items, including cigarettes) had occurred in the prison. Golden was observed with two cartons of cigarettes in his possession. He was asked to surrender the cigarettes to a yard guard. When Golden refused to surrender the cigarettes, they were forcibly removed. Apparently Golden was taken to his cell. Later other prison personnel came to Golden's cell, forcibly removed him therefrom and made a search while Golden was not present. Golden pro se filed a conversion complaint against Newsome for the taking of the cigarettes, seeking monetary and punitive damages (case no. 68405).

He also pro se filed a second complaint against Tatum and others complaining that property in his cell was damaged and disturbed and his Fourth Amendment right to privacy had been violated. He sought additional monetary damages for these alleged illegal acts of prison authorities (case no. 68585).

The two pro se civil complaints were set for hearing by the trial court on November 29, 1983. The order of the trial court of that date reflects that after having been notified of the date, and a court order having been issued directing the delivery of Golden for the hearing, Golden failed to appear to prosecute his complaints. Evidence apparently was presented to the trial court that Golden refused to leave the prison to attend the hearing. At any rate, the court made an affirmative finding of fact that Golden refused to appear to prosecute his claim. On motion of the defendants, Newsome and Tatum, the trial court dismissed the two civil complaints filed by Golden for failure of prosecution. These dismissals form the basis of Golden's two appeals. *Held*:

In the two civil appeals filed by Golden, we have no transcript or record in those proceedings other than the complaint, the answer, a delay in the hearing authorized by the trial court, a rescheduled hearing, notice to Golden as to each hearing, an order directing penal authorities to bring Golden to court for purposes of the hearing, and an order by the trial court dismissing the complaints on the basis of evidence that Golden refused to leave prison and attend the hearing. Attached to Golden's appellate pleadings are affidavits of other prisoners giving contrary opinions as to the reason for Golden's absence, but we are bound by the rule that assertions contained only in the appellate briefs for the first time may not be considered by this court. *Airport Assoc. v. Audioptic Instructional Devices*, 125 Ga. App. 325 (2)

(187 SE2d 567). When a case is sounded for trial the parties must answer ready or move for a continuance. If such answer or motion is not made promptly, the plaintiff's case is subject to dismissal with prejudice for failure of prosecution. *Walker v. Columbus Ins. Agency*, 156 Ga. App. 199, 200 (274 SE2d 159). This is exactly what occurred in the instant case. The dismissal of a case with prejudice for failure to prosecute is a matter that lies within the sound discretion of the trial court. *Vaughan v. Car Tapes*, 135 Ga. App. 178, 180 (4) (217 SE2d 436). Under the facts of this case, we discern no manifest abuse of discretion on the part of the trial court. It follows the trial court did not err in dismissing these two civil complaints for lack of prosecution.

*Judgments affirmed. Quillian, P. J., and Carley, J., concur.*

Decided September 7, 1984.

Robert Golden II, *pro se.*
John C. Jones, *Assistant Attorney General*, for appellees.