76952. ST. JOSEPH'S HOSPITAL, INC. v. NEASE et al.
76953. BUELVAS et al. v. NEASE et al.
(375 SE2d 241)

</div>

BANKE, Presiding Judge.

This is a medical malpractice action filed against the appellants by the appellees. The appellants moved to dismiss the action based on the appellees' failure to comply with OCGA § 9-11-9.1 (a) (Ga. L. 1987, p. 887, § 3), which requires that the complaint in professional malpractice actions be accompanied by an affidavit from a competent expert supporting at least one of the allegations of negligence. The trial court allowed the appellees to correct this defect by amendment and accordingly denied the motion to dismiss. The case is before us pursuant to our grant of the appellants' application for interlocutory appeal.

The appellees had filed two previous complaints against the appellants seeking to recover on the same cause of action but had voluntarily dismissed both those actions before trial. The affidavit submitted by the appellees in response to the appellants' motion to dismiss the present action was identical to an affidavit which they had previously submitted in response to a motion for summary judgment in one of the prior actions. The appellants contend that the appellees' failure to file this affidavit contemporaneously with their complaint constituted a non-amendable defect and that the affidavit was, in any event, deficient because it was based on a review of medical records which were not made a part of the record in the present case. *Held*:

1. The appellants argue that if the Legislature had intended to allow the required affidavit to be filed by amendment, it would have had no reason to enact subsection (b) of OCGA § 9-11-9.1, which permits the application to be supplied by supplemental pleading in "any case in which the period of limitation will expire within ten days of the date of filing [of the complaint] and, because of such time con-

straints, the plaintiff has alleged that an affidavit of an expert could not be prepared." While we must agree with the appellants that the specification of this single exception to the contemporaneous filing requirement suggests an intention on the part of the Legislature not to permit any other such exceptions, we are constrained by the Supreme Court's recent decision in *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), to conclude that other such exceptions may be made.

In *Glaser v. Meck*, the Supreme Court held that a defendant in a malpractice action had waived the defect created by the plaintiffs' failure to file the required affidavit contemporaneously with their complaint by waiting until after the statute of limitation had run on the claim to assert the defect. Noting that because of the defendant's delay in asserting the defect the plaintiffs had been precluded from dismissing their complaint voluntarily and filing a renewal action, the Court concluded that to dismiss the case under such circumstances would be contrary to OCGA § 9-11-8 (f), which provides: "All pleadings shall be so construed as to do substantial justice."

Normally, a defect in a pleading which may be waived by failure to assert it in a timely manner is considered amendable, and vice versa. See, e.g., *Crump v. Jordan*, 154 Ga. App. 503 (1) (268 SE2d 787) (1980); *American Liberty Ins. Co. v. Sanders*, 120 Ga. App. 202, 207 (170 SE2d 249) (1969), reversed on other grounds *Sanders v. American Liberty Ins. Co.*, 225 Ga. 796 (171 SE2d 539) (1969). If, as urged by the appellants, the failure to file the affidavit required by subsection (a) of OCGA § 9-11-9.1 constitutes a non-amendable defect under all circumstances except those set forth in subsection (b), then a complaint filed without the affidavit would be void ab initio in all cases where subsection (b) did not apply, rendering all subsequent proceedings in such cases a nullity even if no motion to dismiss were filed. Such a result would, however, be inconsistent with the result reached by the Supreme Court in *Glaser v. Meck*, supra.

Section 15 (a) of the Civil Practice Act (OCGA § 9-11-15 (a)) establishes a general policy favoring the amendment of pleadings so as to enable each action to be tried on its merits. Accord *McDonald v. Rogers*, 229 Ga. 369, 378 (7) (191 SE2d 844) (1972); *McRae v. Britton*, 144 Ga. App. 340 (2) (240 SE2d 904) (1977). "When the courts are called upon to determine if there is a conflict between statutes, they are required to undertake to construe them together and seek to give full effect to both laws as representing all of the legislative intention. (Cit.)" *Fulton County v. Corp. &c. of Latter Day Saints*, 133 Ga. App. 847, 851 (212 SE2d 451) (1975). While there is no question that OCGA § 9-11-9.1 (a) contemplates that the required affidavit will normally be filed contemporaneously with the filing of the complaint, it does not expressly provide that a complaint filed without the affidavit will be considered a nullity; nor would the purpose of the Code sec-

tion necessarily be defeated by allowing the affidavit to be supplied by amendment, since the complaint would remain subject to dismissal unless and until the affidavit were supplied.

Certainly, the appellants in the present case cannot claim to have been prejudiced by the appellees' failure to file the affidavit contemporaneously with their complaint, since they (the appellants) had already been served with the affidavit in connection with a previous suit on the same cause of action. On the other hand, the appellees, like the plaintiffs in *Glaser v. Meck*, would be unable to pursue a renewal action in the event their present complaint were dismissed. See OCGA § 9-11-41 (a). Applying the policy expressed in OCGA § 9-11-8 (f) that "[a]ll pleadings shall be so construed as to do substantial justice," we consequently conclude that the trial court did not err either in allowing the affidavit to be provided by amendment or in denying the appellants' motion to dismiss.

2. The appellants' contention that the affidavit was ineffective because it was based on a review of medical records which were not contained in the record was not raised below and consequently presents nothing for review on appeal. See *Bradbury v. Mead Corp.*, 174 Ga. App. 601 (1) (330 SE2d 801) (1985).

*Judgment affirmed. Deen, P. J., Pope and Benham, JJ., concur. Beasley, J., concurs specially. Birdsong, C. J., McMurray, P. J., Carley and Sognier, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I agree with the dissent as a general matter. The legislature expressly provided in subsection (b) a single exception to the "contemporaneous filing requirement" and in subsection (c) the practical procedural device of a delay in order to accommodate the defendant. Since it has made contemporaneous filing a clear and unambiguous requirement, unquestionably governing the time when an affidavit has to be filed in this specific type of case, the fiction of relation back cannot be invoked by plaintiffs to defeat it. The legislature provided a mechanism for precluding frivolous professional malpractice actions by requiring some proof by plaintiff at the very outset.

In the instant case an inadvertent omission occurred a few months after the effective date of the new procedural statute. The additional requirement went into effect between the filings of the first two suits and the instant suit. All parties had the affidavit as it was part of the same action which had been brought earlier and thus predated the filing of the instant suit. This is not a case where an action was filed, an alert defendant moved to dismiss because of the lack of an affidavit, calling plaintiff's bluff so to speak, and the plaintiff then scrambled around to get one.

Under the particular facts of this case, and applying both proce-

dural rules to achieve their intent in the spirit of OCGA § 9-11-1, I agree to affirm. This is a case which calls for the application of the word "just" as it appears in the statement that the legislatively prescribed CPA "shall be construed to secure the just, speedy, and inexpensive determination of every action." See also OCGA § 9-11-8 (f), which was called upon by the Supreme Court to rescue the defective complaint in *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988). The incompleteness of the complaint in that case was never even rectified, and yet it was not held to be a nullity.

CARLEY, Judge, dissenting.

In the present case, appellees' complaints, as originally filed, were not in compliance with subsection (a) of OCGA § 9-11-9.1, which requires the contemporaneous filing of the affidavit of an expert. The provisions of subsection (b) of that statute, which provide for a limited exception to this contemporaneous filing requirement, are inapplicable. The majority opinion holds that reliance upon OCGA § 9-11-15 is nevertheless a viable alternative to compliance with OCGA § 9-11-9.1 and that, as the result of the amendment of appellees' complaints pursuant to that provision so as to add the requisite affidavit of an expert, appellants' motions to dismiss were properly denied. In my opinion, OCGA § 9-11-15 is not available to appellees and the trial court erred in denying appellants' motion to dismiss. Therefore, I must respectfully dissent.

The legislative intent of OCGA § 9-11-9.1 is clear. The statute provides for *specific* pleading rules which are applicable to a complaint alleging professional malpractice. It is likewise clear that the legislature intended that there be *mandatory* compliance by a plaintiff with those specific pleading rules. Unless the limited exception of subsection (b) of OCGA § 9-11-9.1 is otherwise applicable, subsection (a) of the statute provides that "the plaintiff *shall be required to file with the complaint* an affidavit of an expert competent to testify. . . ." (Emphasis supplied.) It is true that, as worded, OCGA § 9-11-9.1 does not explicitly foreclose a plaintiff's reliance upon the general provisions of OCGA § 9-11-15 so as to amend his complaint to add the requisite affidavit of an expert. In my opinion, however, the mere enactment of OCGA § 9-11-9.1, as a *specific mandatory* pleading rule applicable to complaints alleging professional malpractice, serves, in and of itself, as an implicit bar to a plaintiff's successful reliance upon the *general* provisions of OCGA § 9-11-15 so as to satisfy the requirement for the filing of the affidavit of an expert. "In view of [the] specific rules relating to . . . actions [for professional malpractice], [I] think it necessarily follows that the general rule permitting amendment as a matter of course and without leave of court before the entry of a pretrial order, as stated in [OCGA § 9-11-15],

has no application in respect to [an] . . . action [for professional malpractice], if the proposed amendment is one which would [not be consistent with the import of the specific rules]." *Murphy v. Hope,* 229 Ga. 836, 838 (1) (195 SE2d 24) (1972).

To sanction a plaintiff's subsequent reliance upon the *general* provisions of OCGA § 9-11-15 as a means of rectifying his original failure to file the requisite affidavit of an expert would certainly not be consistent with the import of the *specific* pleading rules mandated by OCGA § 9-11-9.1. There would be no legal incentive whatsoever for a plaintiff to comply with the specific mandatory pleading rules of OCGA § 9-11-9.1, since he could subsequently invoke the general provisions of OCGA § 9-11-15. Thus, contrary to the controlling legislative intent, the effect of the majority's opinion is to give a plaintiff discretion as to whether he will comply with the mandatory provisions of OCGA § 9-11-9.1. In my opinion, appellants were not authorized to rely upon the general provisions of OCGA § 9-11-15 and the efficacy of their attempts to amend their complaints to add the requisite affidavit of an expert must be judged by the specific mandatory pleading rules of OCGA § 9-11-9.1. Judged by those specific mandatory pleading rules, appellees' amendments were not authorized and were totally ineffective.

While I agree with the majority that the Supreme Court's opinion in *Glaser v. Meck,* 258 Ga. 468 (369 SE2d 912) (1988) provides guidance in our resolution of the issue in this case, I believe that *Glaser* supports the analysis and statutory construction advanced in this opinion rather than that presented by the majority. The issue in *Glaser* was the effect of a defendant's failure to raise as a defense in his original answer the plaintiff's non-compliance with the specific pleading rules of OCGA § 9-11-9.1. In holding that the defense was waived by and thus not available to the defendant in that case, the Supreme Court stated: "Had the failure to comply with new OCGA § 9-11-9.1 been brought to the [plaintiff's] attention at the time the [defendant] filed responsive pleadings, [the plaintiff] could have *dismissed the pending action, and filed a renewed action. . . .*" (Emphasis supplied.) *Glaser v. Meck,* supra (2). Thus, the Supreme Court has indicated that dismissal and refiling of the complaint, not its amendment, is the appropriate method by which a plaintiff may rectify his non-compliance with OCGA § 9-11-9.1. Accordingly, appellees' original non-compliance with the *specific* mandatory pleading rules of OCGA § 9-11-9.1 cannot be cured by their subsequent invocation of the *general* pleading rules of OCGA § 9-11-15.

Since the amendment of appellees' complaints was not authorized under OCGA § 9-11-15, I must respectfully dissent to the affirmance of the denial of appellants' motions to dismiss. "The purported pleading[s] in the instant case[s] [do] not meet the statutory stan-

dards for a complaint as set forth in [OCGA § 9-11-9.1]; therefore, the denial of the motion[s] to dismiss was error." *Yeargin v. Burleson*, 132 Ga. App. 652, 653 (4) (209 SE2d 99) (1974).

I share the special concurrence's concern with the result of the application of the statute in this case in view of the fact that, in the prior suit, an appropriate affidavit had been submitted. However, this Court neither makes laws nor establishes the policy underlying their enactment. It is our duty to construe a relevant statute and to apply that construction to the case before us. If the proper construction of a statute demands a particular result, to vary that result in a manner not authorized by the statute as so construed would, in my opinion, be a violation of our obligation to "secure . . . [a] just . . . determination of *every* action." (Emphasis supplied.) OCGA § 9-11-1.

I am authorized to state that Chief Judge Birdsong, Presiding Judge McMurray and Judge Sognier join in this dissent.

DECIDED OCTOBER 17, 1988 —
REHEARINGS DENIED NOVEMBER 14, 1988 — 

*Bouhan, Williams & Levy, Wiley A. Wasden III*, for appellant (case no. 76952).
*Thomas A. Withers*, for appellant (case no. 76953).
*Joseph B. Bergen, Frederick S. Bergen*, for appellees.