### 5644.   CARY *v.* SIMPSON & HARPER *et al.*

1. In a suit upon an account, when the bill of particulars is improperly headed, the defect is amendable.
2. The conduct of a party in connection with a particular business may amount to an admission of his partnership therein; and it was not erroneous, under the plea denying partnership in this case, to admit testimony relating to the conduct of a defendant in and about the business of the alleged partnership. Where a person collects accounts, indorses notes, and in many instances does acts indicating a superintendency or control of a business, it is for the jury to say whether these circumstances are sufficient to raise the presumption that he was a partner in the business.
3. "The declaration of an alleged member of a partnership, in the nature of an admission that he was a member thereof, is admissible for the plaintiff on the trial of an action against the firm, to which the declarant has interposed the defense of 'no partnership' as to him." Hence

it was not error to admit in evidence a writing signed in the firm name by such a defendant as "treasurer," over the objection that it was "prejudicial and inadmissible unless the plaintiffs had knowledge of the same prior to the extension of credit." The question at issue not being whether the defendant held himself out to be a partner, but whether he was in fact a member of the firm, the writing was admissible as tending to prove the actual existence of the partnership. *American Cotton College* v. *Atlanta Newspaper Union*, 138 *Ga.* 149 (74 S. E. 1084); *Fleshman* v. *Collier*, 47 *Ga.* 253 (2).

4. The plaintiffs, having introduced evidence to prove the account sued on, and testimony tending to establish the fact of partnership, made a prima facie case, and the burden of showing that there was no partnership was then cast upon the defendant denying the partnership, and the court did not err in refusing to grant a nonsuit.

5. The charge of the court on the law of partnership announced correct principles of law, and was adjusted to the evidence.

6. Where a plaintiff, in an attempt to bring a suit in lieu of a dismissed suit between the same parties'and for the same subject-matter, requests of the clerk of the court in which the former suit was pending a bill of the costs of the suit, and in good faith pays the bill as rendered, and takes the clerk's receipt for the costs "in full," the receipt is prima facie evidence that all the costs have been paid.

7. Since there is an implied promise to pay for property accepted and used, it was not error for the court to charge the jury that if the lumber sued for, even though not ordered by the defendants, was delivered to them, and it went into the assets of the partnership (if there was a partnership) and became a part of the assets, and they used or received the profits of the property, or the property itself, they should find for the plaintiffs.

8. The evidence warranted the verdict, and there was no error in refusing a new trial.

DECIDED SEPTEMBER 23, 1914.

Complaint; from city court of Sparta—Judge Moore. March 7, 1914.

*Joseph W. Lewis,* for plaintiff in error.

*Burwell & Fleming, Lewis & Culver,* contra.

RUSSELL, C. J. Simpson & Harper brought suit, as upon account, against Friese Planing Mill Company, alleging it to be a partnership composed of Mrs. John Friese and C. S. Cary. Attached to the petition was an account in the name of "Friese Planing Mill." The plaintiffs, over objection of the defendant, were allowed to amend the bill of particulars so as to make it read "Friese Planing Mill Company." Cary filed a general denial of the account, and also a plea in abatement, alleging, that he was not and had never been a member of the firm of Freise Planing Mill Company; that the plaintiffs were bankrupts and that the suit, if

allowed to proceed at all, should proceed in the name of their trustee, and that the plaintiffs had previously brought suit on the same cause of action against the same defendants, and had not, before filing the present suit, paid the costs of court in the former suit. When the evidence was all in for the plaintiffs, the defendant moved for a nonsuit, the motion was overruled, and exceptions pendente lite were taken. The jury returned a verdict in favor of the plaintiffs. Cary filed a motion for new trial on numerous grounds. His motion was overruled, and exception is taken to this ruling.

1. It is contended that the court should have refused to allow the amendment to the bill of particulars, but this point seems to have been decided adversely to this contention, in *Bowe* v. *Gress Lumber Co.,* 86 *Ga.* 17 (12 S. E. 177), where it was said: "When the bill of particulars annexed to the declaration is improperly headed, the defect is amendable.

2. It is contended that the court erred in admitting testimony that Cary had indorsed notes for the Friese Planing Mill Company, and also had collected accounts due them, because this testimony was "irrelevant and inadmissible," and because "it was not made to appear that such 'holding out' was known to the plaintiffs, and that on the faith of these transactions credit was extended." Counsel for the plaintiff in error seem to overlook the fact that there is a distinction between a case where one, though not a partner, holds himself out as such and thereby becomes liable, and the case of one who is an actual partner. It was not contended by the plaintiffs that Cary, by holding himself out as a partner, supplied a material reason for their extension of credit. Their contention was that Cary was in fact an actual bona fide partner in the firm of Friese Planing Mill Company, and that Friese Planing Mill Company was indebted to them, and that Cary, as a partner, was also indebted. "Persons who are associated in business pursuant to a contract which makes them partners inter se are partners as to third persons." 30 Cyc. 382. It was not, therefore, a question, on the trial of this case, whether Cary held himself out to the plaintiffs as a partner in the Friese Planing Mill Company, but whether he was actually a partner, and whether the partnership, as such, was indebted to the plaintiffs. Any circumstance which tended to show that Cary was in truth and in fact a partner (although he denied it) was relevant to the issue; and even evidence that he held him-

self out to others as a partner might aid in showing that he was actually a partner. "The existence of a partnership may be established by oral evidence. . . The business intimacy between persons, and their conduct in connection with a particular enterprise, may be admissible as tending to prove a partnership between them." 30 Cyc. 404. See also *Scranton* v. *Rentfrow,* 29 *Ga.* 341; *Fleshman* v. *Collier,* 47 *Ga.* 253; *Perry* v. *Butt,* 14 *Ga.* 699.

3. It is contended that it was erroneous to admit in evidence a telegram to third persons, signed "Friese Planing Mill Company, per C. S. Cary, treasurer;" for the reason that it was inadmissible unless the plaintiffs knew of it before the extension of credit. It seems to be well settled that when a plea of "no partnership" has been filed, any evidence is admissible on the part of the plaintiff which would show the existence of such a partnership; and it would seem that the evidence here attacked would be entirely relevant, under the ruling in *Dodds* v. *Everett-Ridley-Ragan Co.,* 110 *Ga.* 303 (34 S. E. 1004), wherein it was said: "The declaration of an alleged member of a partnership, in the nature of an admission that he was a member thereof, is admissible for the plaintiff on the trial of an action against the firm, to which the declarant has interposed the defense of 'no partnership' as to him."

4. Exceptions are taken to the refusal to grant the defendant's motion for nonsuit. At the time the motion was made, as appears from the record, the plaintiffs had introduced evidence tending to prove the account sued on, and also tending to prove the fact of partnership. This placed the burden on the defendant of disproving the account and also of showing that there was in fact no partnership, and it would have been error for the court to have granted a nonsuit. Besides, the merit of the ruling as to nonsuit is now unimportant, since the case went to the jury and the evidence as a whole suffices to warrant a finding for the plaintiffs.

5. Exceptions are taken to the following instructions of the court, on the subject of partnership: "If you find, from the evidence, that both parties, Mr. Cary and Mrs. Friese, had no written or parol agreement establishing or setting up any partnership between them, but you find, from a preponderance of the evidence, that they held themselves out to the world as partners, under the firm name and style of Friese Planing Mill Company, you should

find for the plaintiffs as to that feature of the case." "If you find, from a consideration of the evidence submitted, that there was no written or parol contract between Mrs. John Friese and Mr. Cary, but that this business, under the name and style of Friese Planing Mill Company, was being conducted, and they held this out to the commercial world—trade world—as a firm composed of these two named defendants, then, in the absence of any contract between themselves, they could be held to constitute a partnership as to third persons." We can see nothing erroneous about these statements. They seem to be in accord with the law as contained in section 3157 of the Civil Code. As stated before, counsel for plaintiff in error seems to base his whole argument upon the ground that there can be no recovery unless it should be shown that Cary held himself out to the plaintiffs themselves as a partner. We do not agree with counsel in this. If the evidence shows that Cary was in fact a partner, or even if he and Mrs. Friese were not partners, but his name appeared to the world as such, he would be liable as a partner. "Whatever may be the interest of the parties, and whether they be in fact partners under the bargain or not, they will be liable as such if they so act as to hold themselves out to the world as such." *Sankey* v. *Columbus Iron Works*, 44 *Ga.* 229 (2).

6. Exception is also taken because the court charged the jury as follows: "If you find, from the evidence in this case, that these plaintiffs had filed a suit against these parties, involving the same subject-matter as this suit, and that the prior suit had been dismissed, and the plaintiffs, either themselves or their attorneys at law, had gone to an officer of the court—to the clerk of the court— and requested of him a bill of the costs that had accrued on the former suit, and they had in good faith paid the bill of costs as rendered them by the officers of this court, and had taken a receipt for the bill of costs, and they then instituted this second suit, after the payment of said bill of costs, you should find as to this feature of the case in favor of the plaintiffs." The plaintiff in error is not in position to take exception to this charge. He filed his plea in abatement, setting up that the costs had not been paid in the former suit, and the burden was upon the defendant to prove the facts alleged in this plea. Upon a careful reading of the record we are unable to find even the slightest evidence of any kind that the costs had not been paid. In fact, all the evidence submitted on the

plea in abatement at all was by the plaintiffs, who introduced in evidence a bill of the costs in the former suit, and a receipt from the clerk of the court for these costs in full. No evidence of any kind having been introduced by the defendants in support of the plea in abatement based on the non-payment of costs, it can not be said that any charge which the court might have seen fit to give would be harmful to them; and having been done no harm by the charge set out, they can not complain of it. We are of the opinion, however, that the charge of the court would not be erroneous in any case. Section 5992 of the Civil Code makes it the duty of the clerk, when any case is disposed of, to endorse on the execution for costs the "amount of the judgment," etc., and "no costs or items of costs, shall in any case be demanded by any such officer, which are not itemized and endorsed as herein provided." This would seem to make it the duty of the clerk to assess the costs; and in a case where the clerk makes such an assessment, the defendant is bound by it until it is reversed and set aside. *Holmes v. Huguley,* 136 *Ga.* 761 (72 S. E. 38). To whom, then, must a party applying to have a case reinstated apply, to ascertain the correct amount of the costs, and who, if not the clerk, is the proper party to say what the costs in a case are? And where a party applies to the officer of the law whose duty it is to tax the bill of the costs, and in good faith pays the bill as rendered, we are of the opinion that he has done all that the law demands of him in such a case. As said before, however, no matter what the charge might have been on the subject in the case at bar, the plaintiff in error has no right to complain. See *Maril* v. *Boswell,* 12 *Ga. App.* 41.

7. There was no testimony on the part of the defendant denying that the lumber which made up the account sued for was delivered to the Friese Planing Mill Company, and there was direct testimony for the plaintiffs that it was received by the defendants, and that they used it and accepted the benefits thereof. The testimony tended to show that the Friese Planing Mill Company succeeded the Friese Planing Mill, and that the lumber sued for was ordered by the Friese Planing Mill, but that when it arrived it was delivered to the Friese Planing Mill Company. The witness who was admitted to be the manager of both firms testified to these facts, and that the lumber was used by the Friese Planing Mill Company, and was accepted by them as a part of their assets. Under the evidence as a whole, the court did not err in charging

the jury: "If you find from a consideration of the evidence in this case that this lumber was ordered by the Friese Planing Mill, and was shipped to the Friese Planing Mill, but was delivered to the Friese Planing Mill Company, the defendants in this suit, and it went into the assets of that company, or partnership (if you find there was a partnership), and became a part of their assets and they used or received the profits of this property, or the property itself, then you should find for the plaintiffs as to this feature of the case." Cary, while he pleaded the general issue, seemed to base his whole defense upon the plea of "no partnership;" and certainly, if the jury found that there was a partnership, and that this partnership accepted the goods of the plaintiffs (which was not denied in the testimony), there would be an implied promise to pay. Civil Code, § 5513. The charge, taken as a whole, was a fair and correct statement of the law, and was applicable to the issues involved.

8. While the jury might, under the evidence, have found a different verdict, there was certainly sufficient evidence to authorize the verdict rendered, and this court will not interfere with their finding.     *Judgment affirmed. Roan, J., absent.*