## 5645.   FRIESE v. SIMPSON & HARPER et al.

1. As to the several exceptions relating to rulings affecting only the partnership, this case is controlled by the ruling of this court in Cary v. Simpson, ante, 280 (82 S. E. 918).

2. An admission which, by shifting the burden of proof, will entitle the party making it to the opening and conclusion of the argument must be such a direct and unequivocal admission of the contention of the opposite party as to the material facts at issue as dispenses with the necessity for proof of those facts, and such an admission as, without more, would require a verdict in favor of the party upon whom the burden of proof originally rested. An admission of the correctness of an account upon which a suit against a partnership is brought, made by one of the individuals alleged to be a partner, who has filed a plea denying the alleged partnership, is not equivalent to an admission of the partnership.

3. When a case proceeds to trial, and exception to the verdict is thereafter taken upon the ground that it is contrary to evidence, a consideration of the merits of the court's ruling upon a motion for nonsuit is merged into the consideration of the sufficiency of the evidence to authorize the verdict.

4. (a) While agency can not be proved by mere unsworn declarations of one assuming to be an agent, there is no provision of law that renders the alleged agent himself an incompetent witness to testify to the fact that the relationship exists. One who is in fact the agent of another is just as competent a witness on the subject as the principal himself would be.

(b) When notice of a fact is communicated to a general agent or to a special agent in absolute charge of a particular business, knowledge of all the facts suggested by the notice is imputable to the principal.

5. In a suit against a partnership and the individuals alleged to compose it, evidence affecting one or more of the partners, though not applicable to another partner, is not for that reason to be excluded from the jury's consideration of the case as a whole. In this case no harm resulted from the admission of such evidence, since the court instructed the jury not to consider telegrams or letters alleged to have been sent by one of the alleged partners, as affecting the other partner.

6. Under the ruling in Armour v. Ross, 110 Ga. 414 (35 S. E. 787), the evidence as to agency was competent, and supports the conclusion that the plaintiff in error was a partner in the alleged firm; and therefore there was no error in the instructions of the court to which exceptions are taken.

DECIDED FEBRUARY 13, 1915.

Complaint; from city court of Sparta—Judge Moore. January 16, 1914.

*Lewis & Culver*, for plaintiff in error.
*Burwell & Fleming, J. W. Lewis*, contra.

RUSSELL, C. J.  The present writ of error concerns the complaints of another defendant in a case heretofore before this court.

See *Cary* v. *Simpson*, ante, 280 (82 S. E. 918). The suit proceeded against the Friese Planing Mill Company under allegations that the Friese Planing Mill Company was a partnership, composed of C. S. Cary and Mrs. Friese.

1. Each of the alleged partners filed a plea of no-partnership; and inasmuch as in *Cary's* case, supra, we dealt with all of the cognate exceptions which were applicable solely to the partnership, the decision in the present case is controlled by the ruling in that case, as to all the points raised in the present bill of exceptions except the contention that the court erred in not allowing counsel for the defendant, Mrs. Friese, to open and conclude the argument to the jury, those assignments based upon rulings on the testimony, the portions of the charge relating to the applicability of the evidence to the subject of Mrs. Friese's liability, and the general exception that the evidence did not authorize a finding that Mrs. Friese was a partner. The only real question raised by the present record is whether the evidence supports the contention that Mrs. Friese was not a partner in the Friese Planing Mill Company. Ancillary to that exception is the assignment that the court erred in refusing a nonsuit.

2. There is no merit in the contention that the present plaintiff in error was entitled to the opening and conclusion of the argument; for the gist of her defense was that she was not a partner. It certainly can not be contended that she admitted she was a partner; and the rule is well settled that for the admission of a party to shift the burden of proof so as to entitle him to the opening and conclusion of the argument, it must be such a direct and unequivocal admission as to dispense with proof on the part of the opposite party and entitle him to a verdict in the absence of proof sufficient to avoid the admission. For instance, an admission on the part of Mrs. Friese that the account sued on was correct as stated would not and could not have included an admission that she was a partner; and, indeed, if she was not a partner, she could very well make the admission without conferring any advantage upon the plaintiffs, Simpson & Harper, in so far as she was concerned, and without exposing herself to any liability. The admission made by Mrs. Friese, as defendant in the lower court, amounted to nothing more than a statement that she was willing for a judgment to be entered against the Friese Planing Mill Company, provided she were

held not to be a partner, and therefore not liable. The very crux of her case was that she was not a partner; and if she were not a partner, it is evident that she would not be authorized to make any admissions in behalf of the Friese Planing Mill Company.

3. Since the case went to trial and exception was taken to the verdict upon the ground that it was contrary to evidence, a consideration of the merits of the motion for nonsuit is merged into the consideration of the sufficiency of the evidence to support the verdict. *Henderson* v. *Maysville Guano Co.,* ante, 69 (82 S. E. 588).

4. The plaintiff in error complains that the court erred in permitting Victor Friese to testify that he was the representative of the plaintiff in error, his mother, in forming the partnership, and was authorized to represent her in this copartnership; the objection being that the testimony was a mere conclusion, and that proof of his authority to act as such should have been restricted to what Mrs. Friese did or said authorizing the formation of the alleged partnership. While agency can not be proved by mere unsworn declarations of one who assumes to be an agent, it is equally well settled that one, as a witness, may testify whether he was or was not in fact an agent in a particular transaction, where the issue of agency is involved. "There is nothing in the law that renders the alleged agent himself an incompetent witness to testify on the trial of the case to any fact showing what the relation is between him and his alleged principal. He is just as competent a witness on the subject as the principal himself would be." *Armour* v. *Ross,* 110 *Ga.* 414 (35 S. E. 792). The testimony of the witness Friese is subject to the latter rule, and therefore the court did not err in overruling the objection to the testimony; and for the same reason the court did not err in charging the jury as complained of in the ninth ground of the motion for a new trial. If the jury found that Victor Friese was the duly and lawfully constituted agent of Mrs. Friese in the conduct of all the affairs connected with the business of the Friese Planing Mill Company, notice of declarations or admissions or statements made to him as such representative for Mrs. Friese would be notice to her. When notice of a fact is communicated to a general agent or to a special agent in absolute charge of a particular business, knowledge of all the facts suggested by the notice is imputable to the principal.

5. The letters and telegrams affecting Cary as an alleged partner were admissible as to his plea of no-partnership, and for that reason should not have been excluded upon motion of Mrs. Friese, especially as the court instructed the jury not to consider telegrams and letters alleged to have been sent by Cary, as treasurer, as affecting Mrs. Friese.

6. The case really turns upon the weight of the testimony of Victor Friese as to whether his mother was a member of the firm of Friese Planing Mill Company. The first statement in his testimony is: "My mother, Mrs. John Friese, and C. S. Cary compose the Friese Planing Mill Company." This was a statement of a positive fact; and while it was within the power of the defendants to have inquired into the source of his information and his means of knowing the fact stated by him, this answer was not objected to, and, without more, would have authorized the jury to find that Mrs. Friese was a partner in the Planing Mill Company. Later during the examination of this witness he testified that the partnership was formed by Cary and himself, acting as agent for his mother, and he swore that he mentioned to his mother the conversation between Cary and himself relative to the negotiations, and that "it was satisfactory to her." Further he swore that he "was representing her in forming the partnership between Mr. Cary and her. I was authorized to represent her. If you call that a representative, I was authorized." Under the ruling in *Armour* v. *Ross,* supra, it was competent for him to testify that he was Mrs. Friese's agent, and that he was authorized to act for her. And if he was in fact so authorized, the evidence amply supports the conclusion that he, as agent for Mrs. Friese, authorized by her, held out to the world that she was a partner in the partnership known as Friese Planing Mill Company, and therefore there was no error in the instruction of the court to the effect that if the jury found this to be true, they should find for the plaintiff on the plea of non-partnership. As was said by this court in the case of *Cary* v. *Simpson,* supra, the real issue in this case was whether the individual defendants were in fact partners. There was no assertion that they were liable because either of them had held themselves out as partners. But the fact that one holds himself out as a partner may be a circumstance tending to show that there was a partnership in fact; and any circumstance indicating the actual

existence of the partnership was relevant to the issue. The trial seems to have been free from error, and, since the evidence as a whole authorized the verdict, there was no crror in overruling the motion for nonsuit nor in refusing a new trial.

*Judgment affirmed. Broy'es, J., not presiding.*