23489.   SIRMANS v. SIRMANS.

QUILLIAN, Justice.   Levi J. Sirmans instituted an equitable action against Mansfield S. Sirmans in Lanier Superior Court.   The prayers of the petition were for injunctive relief and the cancellation of a deed.   The defendant failed to file defensive pleadings within 30 days after service of process.   He did, however, file his answer within 14 days from the appearance day and paid $12.50 as the accrued costs.   The plaintiff made a motion to strike the defendant's answer and alleged: "plaintiff's petition was served upon the defendant on December 17, 1965, and defendant's answer was filed in the clerk's office . . . on January 31, 1966, the same being more than thirty (30) days from the date of service of plaintiff's petition upon defendant, as required by law, and that only $12.50 court costs were paid by defendant at the time of filing his answer, whereas, in fact, the total court costs as of that date were $22.50."

The motion came on for hearing before the trial judge and he entered a judgment reading: "being fully advised of the facts at issue and the law in point . . . the court . . . finds:   1.   That plaintiff's petition was served upon the defendant on December 17, 1965; that defendant's answer was filed in the Clerk's Office of the Lanier Superior Court on January 31, 1966; that $12.50 court costs were paid by defendant at the time of filing his answer; that the evidence in hearing showed $14.00 court costs had accrued as of the date of the filing of defendant's answer, and that the same had not been paid in full;   2.   That said case was in default on January 31, 1966; that the time for filing of defensive pleadings

had not been extended as provided by law; and that said default was not opened within fifteen days after the appearance date as provided by Georgia Code Annotated, Section 110-401; 3. That plaintiff's motion to strike the defendant's answer in its entirety is hereby sustained and affirmed, and said case is hereby declared to be in default under the provisions of law." A default judgment was then entered up against the defendant. The defendant, appellant here, complains of both judgments in his enumeration of errors. *Held:*

There is no allegation in the plaintiff's motion to dismiss the defendant's answer, or suggestion in the judgment declaring him in default, that the defendant did not pay all costs required of him when the answer was filed. It does appear from the record that the clerk accepted $12.50 costs and filed the answer within 14 days after the appearance day. *Code Ann.* § 110-401 (Ga. L. 1946, pp. 761, 777; Ga. L. 1952, p. 195; Ga. L. 1953, Nov. Sess., pp. 440, 451; Ga. L. 1962, pp. 687, 688) provides: "If any case is not answered on or before its appearance day, such case shall automatically become in default unless time for filing answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within fifteen (15) days after the appearance day, upon the payment of costs." It is held in the well written opinion of *Whitsett v. Hester-Bowman Enterprises*, 94 Ga. App. 78, 81 (93 SE2d 788): "While not 'collecting officers' (*Lewis v. Smith*, 99 Ga. 603, 604 (27 SE 162)) superior court clerks are by law charged with the duty of receiving the amounts of all costs due in the court of which they are clerks. *Code* § 24-2720 (2). They are charged with the duty of charging and collecting the fees prescribed by law in *Code* § 24-2727. Under common practice, the amount of the costs is computed by clerks. . . . In cases where the clerks are on a salary basis and the costs belong to the county, failure to charge sufficient costs would be a matter between the clerk and the county, and might subject the clerk to a contempt proceeding, but would not affect the rights of parties litigant." The decision pointed out that the defendant had a right to rely upon the clerk's statement as to the amount of costs due "since court costs are a matter to be handled by courts rather than by parties litigant."

There is no better rule of construction than found in *Code* § 102-102 (6): "A substantial compliance with any require-

204

ment of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." We think there was substantial compliance on the defendant's part with *Code Ann.* § 110-401.

It was not the intention of the legislature and is not now the spirit of the law that the defendant be held in default and deprived of the important privilege of presenting his defense to the action against him because of a trifling mistake in the calculating of costs. This court has wisely held: "To give effect to the intention of the legislature, courts are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter thereof. *Erwin v. Moore*, 15 Ga. 361; *Roberts v. State*, 4 Ga. App. 207 (60 SE 1082). Where the letter of the statute results in absurdity or injustice or would lead to contradictions, the meaning of general language may be restrained by the spirit or reason of the statute." *New Amsterdam Cas. Co. v. Freeland*, 216 Ga. 491, 495 (117 SE2d 538). It follows that the trial judge erred in dismissing the defendant's answer and in adjudging the case to be in default.

*Judgment reversed. All the Justices concur.*

Argued May 10, 1966—Decided May 26, 1966.

*Ben T. Willoughby, D. W. Slone,* for appellant.
*Floyd B. Moon, Bennett & Moon,* for appellee.