### 69516. McKENZIE v. SEABOARD SYSTEM RAILROAD, INC. et al.
#### (326 SE2d 502)

DEEN, Presiding Judge.

In March 1978 appellant McKenzie's husband was struck and killed by a train owned by appellee Seaboard System Railroad, Inc. ("Seaboard"), and operated by appellee Barronton. Acting both individually and as administratrix for the decedent's estate, Mrs. McKenzie brought a wrongful death action in March 1980 against appellees, alleging that they were jointly and severally liable and seeking damages in the amount of several hundred thousand dollars. On October 31, 1983, she voluntarily dismissed the action without prejudice, pursuant to OCGA § 9-11-41 (a), and renewed it in April 1984, within six months of this voluntary dismissal, as permitted by OCGA § 9-2-61 (a).

At the time of filing the original action, appellant executed a pauper's affidavit pursuant to OCGA § 15-6-77 (a). The affidavit recited that the affiant "is, because of her poverty, unable to pay the advance filing costs as required by Section 24-2727 [OCGA § 15-6-77] of Georgia Code Annotated" and went on to recite, further, that "[t]his pauper's affidavit is in lieu of payment of costs provided under Section

24-3406 [OCGA § 9-15-4] *and* 24-3413 [OCGA § 9-15-2] of the Code of Georgia Annotated." (Emphasis supplied.) OCGA § 9-15-4 (a) provides that "the deposit required by paragraph (1) of subsection (b) of Code Section 15-6-77, relating to fees of clerks of the superior courts [i.e., a $20 filing fee] . . . shall not be required if the party desiring to file . . . is unable because of his indigence to pay the deposit and . . . files with the clerk an affidavit to such effect." OCGA § 9-15-2 (a) provides that "[w]hen any party . . . in any action or proceeding held in any court in this state is unable to pay *any* deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs." (Emphasis supplied.)

Prior to filing the renewed action, appellant's counsel telephoned the Clerk of the Dooly County Superior Court, informed him that his client intended to refile pursuant to OCGA § 9-2-61 (a) and desired to pay the accrued costs of the action previously dismissed, and inquired as to the amount of accrued costs due. The Clerk testified at the hearing on the motion for dismissal subsequently filed by appellees that, after checking the record of the prior case, he had informed appellant's counsel that "the plaintiff would not be liable for any costs" in the prior action. He further testified that it was the practice in his office not to compute any costs — or even to prepare a cost sheet — in cases in which the plaintiff had filed a pauper's affidavit, and that, as far as he knew, this was the usual practice in the superior courts throughout the state.

When appellant, accompanied by her counsel, went to the Clerk's office on April 26, 1984, to refile the action, the latter again asked the Clerk whether there were any accrued costs, adding that if there were any, they wished to pay them at that time. The Clerk reiterated his former assurance that there were no accrued costs and executed an affidavit to that effect, to which he affixed his seal. The original of the Clerk's certificate was attached to the original suit papers, and copies were attached to the papers served upon appellees. Appellant then paid the costs ($62) of filing the renewal action. On May 29, 1984, appellees moved to dismiss, alleging that appellant had not complied with OCGA §§ 9-2-63 and 9-15-4 (a) because she had neither paid accrued costs nor executed an affidavit of indigence before filing the renewal. After a hearing, the trial court granted the motion. McKenzie appeals, assigning as error the court's granting the motion to dismiss. *Held*:

1. Appellees contend that the pauper's affidavit executed by appellant at the time of filing the original action covered only the initial "deposit" of $20 and no other costs or fees involved in the action, and

that not only the Clerk but also appellant and her counsel were as a matter of law mistaken in concluding that the affidavit applied to any costs other than the $20 filing fee. Therefore, appellees conclude, only the initial $20 was waived by the affidavit, and appellant was liable for any court costs incurred thereafter.

Close scrutiny of the record in the instant case, as well as of the statute itself, persuades us that appellees are seeking to impress upon the statute a meaning that its plain language will not support. OCGA § 9-15-2, quoted supra, expressly relieves an indigent who has executed the required affidavit of the obligation "to pay *any* deposit, fee, *or other cost.*" (Emphasis supplied.) Our research indicates that there are no Georgia cases citing this Code section with reference to the particular issue under consideration here. We are perhaps justified in concluding that this dearth of case law is attributable to a well-nigh universal acceptance of the venerable principle, codified in OCGA § 1-3-1 (b), that words used in statutes bear their ordinary significations unless there is a particular reason to assign them a different meaning. *Risser v. City of Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982); *Sabel v. State*, 248 Ga. 10 (282 SE2d 61), cert. denied 454 U. S. 973 (102 SC 524, 70 LE2d 393) (1981). We find no reason, either in the record of the instant case or in the context of Title 9, Chapter 15, to construe the term "cost" as narrowly as appellees contend we must. When one seeks to ascertain the meaning of language, the maxim "noscitur a sociis" is as valid today as it was a century ago. See *Mott v. Central R.*, 70 Ga. 680, 683 (1883).

We find appellee's vigorous contentions on this issue to be without merit, and we hold that the terms "cost" and "costs" as employed in OCGA § 9-15-2 and related statutes mean exactly what they say: any of the various court costs ordinarily incurred in a proceeding, and especially those set forth in detail in OCGA § 15-6-77 (and, where applicable, OCGA §§ 15-6-77.1 and 15-6-77.2). The effect of appellant's pauper's affidavit filed with the original action was that, absent a successful traverse of the affidavit or other circumstances that would render her ineligible to avail herself of the provisions of OCGA § 9-15-2, she was thereby relieved of all court costs that would ordinarily have been incurred as incidents of the proceeding. Although the issue of the Clerk's proper performance of his duties is not before us *per se* in this proceeding, we nevertheless cannot agree with appellees that as a matter of law the Clerk erred in informing appellant that she was liable for no costs.

2. Even had we not concluded in Division 1, supra, that the Clerk of the Dooly County Superior Court did not rely on an erroneous legal theory in informing appellant that she owed no accrued costs from the prior action, we would not necessarily agree with appellees that the renewal was not properly filed because appellant did not comply

with the requirements of OCGA § 9-2-63 by either actually making payment or executing an additional pauper's affidavit.

The law in Georgia is plain that payment of accrued costs of the prior action is a condition precedent to the renewal of the action following voluntary dismissal, and that, this being a jurisdictional matter, it may never be waived. See, e.g., *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896) (1984); *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983); *Grier v. Wade Ford, Inc.*, 135 Ga. App. 821 (219 SE2d 43) (1975). The only alternative to paying such accrued costs is to file an affidavit of indigence. OCGA § 9-2-63; *Kraft v. Forest Park Realty & Ins. Co.*, 111 Ga. App. 621 (142 SE2d 402) (1965).

In the instant case it is undisputed that appellant neither paid any costs of the prior action nor executed the affidavit specified in OCGA § 9-2-63. Appellant contends, however, that no costs were due, and that the provisions of Section 9-2-63 therefore do not apply in her situation. Appellees cite in support of their opposing position a number of cases holding that the costs must be paid in full before the Clerk can accept the renewal pleadings; that no private arrangement with the Clerk to reduce the amount payable, or to postpone payment of the entire accrued costs or any part thereof, is permissible under the statute; and that the Clerk has no discretion to waive payment. See, e.g., *Couch v. Wallace*, 249 Ga. 568 (292 SE2d 405) (1982); *Collins v. Burkhalter*, 144 Ga. 695 (87 SE 888) (1915); *Bd. of Education of Tennille v. Kelley*, 126 Ga. 479 (55 SE 238) (1906); *German Alliance Ins. Co. v. Hawes*, 18 Ga. App. 338 (89 SE 527) (1916); *McLaurin v. Fields*, 4 Ga. App. 688 (62 SE 114) (1908); Op. Atty. Gen. U-73-43. None of these cases is really applicable to the case *sub judice*, however, as the issues are not the same. In the cases cited supra, there was no question that some amount was actually due, whereas in the instant case appellant contends — and we agree — that nothing was due at all. She sought no postponement, no reduction, no special arrangement of any kind; rather, the transcript of the hearing shows that she affirmatively sought, before filing her renewal, to ascertain and to pay any and all costs that might have accrued in the prior action. She sought no waiver of any sort, but relied on the sworn statement of the official charged with the responsibility for assessing and collecting costs that she owed nothing. See *Whitsett v. Hester-Bowman Enterprises*, 94 Ga. App. 78, 81 (93 SE2d 788) (1956). As a practical matter, appellant did all she could possibly do, given the posture of her case, to comply with the requirements for renewing her former action.

In *Sirmans v. Sirmans,* 222 Ga. 202 (149 SE2d 101), a 1966 Supreme Court case, a defendant seeking to file an answer to a complaint more than thirty days after service but within fourteen days after the answer was due, paid the $12.50 in court costs that the Clerk

informed him he owed and then proceeded to file his answer. It turned out that the amount actually due was $22.50, and the plaintiff, upon learning of this error, sought a default judgment on the basis that the filing was invalid because total court costs had not been paid within the prescribed time. The Supreme Court reversed the default judgment, citing *Whitsett v. Hester-Bowman*, supra. In *Whitsett* the Court of Appeals noted that the Clerk is the one who ordinarily computes court costs and held, at 81, that "where the clerks are on a salary basis and the costs belong to the county [as is now the practice throughout the state], failure to charge sufficient costs would be a matter between the clerk and the county and . . . would not affect the rights of parties litigant." The court went on to point out that "the [litigant] had a right to rely upon the clerk's statement as to the amount . . . due 'since court costs are a matter to be handled by courts rather than by parties litigant.' " See also *Rheem Mfg. Co. v. Hutcheson*, 113 Ga. App. 554 (149 SE2d 157) (1966). Likewise, in the instant case, appellant had a right to rely on the official acts of the clerk and should not be held responsible for any error that the latter might arguably have made in the conduct of his office.

Appellees contend that *Sirmans* is inapplicable to the case at bar because it involved the opening of a default judgment rather than, as in the instant case, a refiling of a prior action. This contention is a classic example of a distinction without a difference. Although the facts of the two cases are different, the principle is precisely the same. If, *arguendo*, the Clerk was in error and was derelict in his duty of computing and collecting court costs, then that is a matter which addresses itself to persons or entities other than the parties litigant here. This is true *a fortiori* when, as in the instant case, the party has made every reasonable effort to comply with the statutory requirements and was prevented from doing so by the chief administrative officer of the very court in which she was attempting to file her pleadings in compliance with applicable law. See also *Cary v. Simpson & Harper*, 15 Ga. App. 280 (82 SE 918) (1914).

We agree with appellant that, since she was reliably — and correctly — informed by the Clerk that she owed no court costs, she was not obliged to comply with the requirements of OCGA § 9-2-63, and her renewal action was properly filed. We must therefore reverse the judgment below.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

Decided January 15, 1985 —
Rehearing denied January 31, 1985 —

W. E. Lockette, Herbie L. Solomon, for appellant.

*John T. Croley, Jr.*, for appellees.