73410. SALEEM v. BOARD OF TRUSTEES OF FIREMEN'S
PENSION FUND OF ATLANTA et al.
(351 SE2d 93)

BANKE, Chief Judge.

The appellant, a former City of Atlanta firefighter, applied to the Board of Trustees of the Firemen's Pension Fund of the City of Atlanta for a disability pension based on injuries he had allegedly suffered in the line of duty. The Board denied the application based on a determination that he was not "totally and permanently disabled." That decision was upheld by the Fulton County Superior Court upon application for certiorari, and we granted the appellant's subsequent application to this court for a discretionary appeal.

It is undisputed that, after receiving multiple on-the-job injuries to his neck and back, the appellant became physically unable to perform his duties as a firefighter. On April 5, 1984, the manager of the city's workers' compensation office notified an administrative official in the city's Bureau of Fire Services that the appellant would be unable to return to his job as a firefighter and inquired as to whether the bureau would be willing to offer him a "permanent light-duty assignment." On August 22, 1984, the fire bureau official responded that the bureau did not "have positions of this nature to offer employees." On October 15, 1984, the secretary-treasurer of the pension board wrote Atlanta's commissioner of public safety a letter with reference to the appellant's case and that of another firefighter, advising as follows: "While both appear to have incurred on-the-job injuries, and both appear to be incapable of performing their originally assigned duties, they may be very capable of doing some form of light duty activities . . . . While I realize that the number of light duty positions in the Fire Bureau is limited, the Pension Board is urging you to find [both employees] such positions. We must find alternatives to the increasing number of employees on the disability pension rolls." On November 15, 1984, the secretary-treasurer of the pension board sent the appellant a letter notifying him that his application for a disability pension had been denied based on a finding that he was not permanently and totally disabled and further notifying him that the fire chief would assign him "appropriate duties which you are capable of doing." *Held*:

1. The city argues that the evidence would have authorized the pension board to deny the appellant's application based on a determination that his disability had not resulted directly from "an event or events occurring during and as a result of" the performance of his

regular or assigned duties (as required by Ga. L. 1981, pp. 3553, 3556, § 3 (b), to warrant the grant of a disability pension) but was instead attributable to a preexisting degenerative disc condition. However, the board clearly based its decision solely on a determination that the appellant's disability was not total and permanent. Consequently, the issue of whether the board would have been authorized to find that the appellant's disability had not resulted directly from the performance of his duties is not before us.

2. It being undisputed that the appellant was unable to perform the duties of a firefighter as a result of his back and neck condition, the issue of whether he was totally and permanently disabled boils down to one of statutory interpretation. The applicable local statute, a 1981 amendment to preexisting local legislation governing firemen's pension systems in cities of 300,000 or more, defines "disability" to mean "the total and permanent physical or mental inability to perform one's *regular, assigned or comparable duties* with such city . . . ." Ga. L. 1981, pp. 3553, 3556, § 3 (a). (Emphasis supplied.) The city contends that the language "regular, assigned or comparable," as used in the statute, encompasses any duties the city is willing to assign a disabled employee *after* he becomes disabled, while the appellant contends that the language encompasses only such duties as were the employee's responsibility *before* he became disabled. We are constrained to accept the latter interpretation.

To accept the city's interpretation would be to render the statutory terms "regular" and "comparable" totally meaningless, thereby violating the rule that, where possible, "effect is to be given to all the words of a statute." See *Smith, Barry & Co. v. Davis Bros.*, 85 Ga. 625 (2) (11 SE 1024) (1890). The city's interpretation would also be violative of the maxim, *noscitur a sociis*, which directs that the precise meaning of words contained in a statute be ascertained "from others with which they are associated and from which they cannot be separated without impairing or destroying the evident sense they were designed to convey in the connection used." *Mott v. Central R.*, 70 Ga. 680, 683 (1883). See also *McKenzie v. Seaboard System R.*, 173 Ga. App. 402, 404 (326 SE2d 502) (1985). Finally, the construction urged by the city would be violative of the well-established principle that pension statutes, being remedial in nature, are to be liberally construed in favor of the employee. See *City of Macon v. Herrington*, 198 Ga. 576, 589 (32 SE2d 517) (1944); *Fulton County v. Holland*, 71 Ga. App. 455, 462 (31 SE2d 202) (1944).

Clearly, if the Legislature, in enacting Ga. L. 1981, p. 3553 et seq., had intended to authorize the assignment of less strenuous duties to disabled firemen as an alternative to placing them on the pension rolls, it could have achieved that end without ambiguity. Indeed, the Legislature did precisely that in a separate 1981 amendment to

the pension act, specifically, Ga. L. 1981, pp. 3569, 3571-3572, § 2. However, the latter amendment, unlike Ga. L. 1981, p. 3553 et seq., is applicable by its terms only to officers and employees who were not already members of the pension fund on its effective date (see Ga. L. 1981, p. 3573). Consequently, it does not apply to the appellant, who had been employed by the fire bureau since 1979.

For the above reasons, we conclude that the decision of the pension board to deny the appellant's application for a disability pension was based on an erroneous legal interpretation, and we consequently hold that the superior court erred in upholding it.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1986.

*Paul C. Myers*, for appellant.
*David D. Blum*, for appellees.