77182. BELL et al. v. FIGUEREDO et al.
(378 SE2d 475)

SOGNIER, Judge.

Naomi Jeanette Bell and Timothy. Bell brought suit against Jorge V. Figueredo, M.D., and Parkway Surgery Associates, P.C., seeking damages for personal injuries and loss of consortium arising from the alleged negligence of Figueredo in performing surgery upon Mrs. Bell. This suit was the second filed by the Bells, the first suit against the same defendants having been voluntarily dismissed pursuant to OCGA § 9-11-41 (a). The trial court dismissed the instant action because the complaint did not include an expert affidavit as required by OCGA § 9-11-9.1, and the Bells appeal.

1. Appellants contend the trial court erred by granting appellees' motion to dismiss, arguing that a renewal action such as the case at bar stands on the same footing as the prior action, and thus an affidavit was not required in the instant action because several had been filed in the first lawsuit in opposition to appellees' motion for summary judgment therein. The record reveals that appellants' first suit against appellees was filed on November 29, 1984, and dismissed on March 5, 1987. Appellants then filed the instant action on September 4, 1987, but did not include an expert affidavit as required by OCGA § 9-11-9.1, which became effective on July 1, 1987.

OCGA § 9-2-61 (a) allows a party who files an action within the applicable statute of limitation and then dismisses the case to renew the claim by filing another lawsuit "either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." Before it was revised in 1985, this statute provided that after dismissal and recommencement within six months, "the renewed case shall stand upon the same footing, as to limitation, with the original case." Appellants argue that by

deleting this phrase in the 1985 revision, the General Assembly intended to change the prior law to provide that a properly renewed action stands on the same footing as the prior action in *all* respects, not just as to the statute of limitation. We do not agree. When the statute was amended, the General Assembly specifically stated that the code section would continue to provide that a renewed action would "stand on the same footing, as to limitation, with the original case . . . ." Ga. Laws 1985, p. 1446. Both before and after the 1985 revision, we have recognized that the effect of OCGA § 9-2-61 (a) is solely to place the renewed action on the same footing as to the statute of limitation with the original action. See *Stevens v. Faa's Florist*, 169 Ga. App. 189, 190 (311 SE2d 856) (1983); *Gober v. Nisbet*, 186 Ga. App. 264, 265 (1) (367 SE2d 68) (1988).

Moreover, a lawsuit renewed under OCGA § 9-2-61 is an action de novo, *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987), and accordingly all procedural prerequisites such as filing of a new complaint and perfection of service must be met anew. See id. The affidavit filing requirement must be complied with as a prerequisite to the filing of the case at bar because OCGA § 9-11-9.1 became effective after the first suit was dismissed and before this action was filed. See *St. Joseph's Hosp. v. Nease*, 189 Ga. App. 239 (1) (375 SE2d 241) (1988), cert. granted. Thus, we find the trial court properly concluded that the prerequisite of filing an affidavit pursuant to OCGA § 9-11-9.1 must be met for this renewal action.

We reject appellants' argument that under the analysis employed in *McKenzie v. Seaboard System R.*, 173 Ga. App. 402 (326 SE2d 502) (1985), an expert affidavit is not required for a renewal action. In *McKenzie*, we held that a plaintiff who in an earlier suit had filed a pauper's affidavit, which relieved the plaintiff of the obligation to pay court costs, was not obligated when filing a renewal action to include a second affidavit of indigence to satisfy OCGA § 9-2-63, which requires either payment of costs accrued in the first suit or filing of a pauper's affidavit in the renewal action. Contrary to appellants' assertions, *McKenzie* does not stand for the proposition that the effect of an affidavit filed in an earlier lawsuit somehow carries over to a renewal action; rather, *McKenzie* established only that when a plaintiff files a pauper's affidavit in a lawsuit, no costs are due in that action, and thus no showing of indigence as an alternative to the costs payment requirement of OCGA § 9-2-63 is needed in the renewal action. Conversely, in the case at bar the expert affidavit *was* required because OCGA § 9-11-9.1, which became effective between the dismissal of the first action and the filing of the second one, was applicable, see *St. Joseph's Hosp.*, supra, and thus *McKenzie* is inapposite. Accordingly, we find the trial court properly dismissed the case. Compare *St. Joseph's Hosp.*, supra at 239-241 (1).

2. Appellants' contention that the trial court's decision was erroneous because the failure to include an expert affidavit is an amendable defect is without merit. Although this court has held that the affidavit required by OCGA § 9-11-9.1 may be supplied by amendment, *St. Joseph's Hosp.*, supra at 240-241 (1), (but see Carley, J., dissenting, supra at 242), appellants never filed an amendment to add the affidavit or sought the court's permission to do so, and consequently there is nothing for this court to review. See *Chafin v. Wesley Homes*, 186 Ga. App. 403, 404-405 (3) (367 SE2d 236) (1988).

3. Appellants' constitutional challenge to OCGA § 9-11-9.1 not having been raised below, we need not consider it here. *Duncan v. Duncan*, 226 Ga. 605 (2) (176 SE2d 88) (1970).

4. Appellants next enumerate as error the trial court's refusal to include the record from the first lawsuit in the record presented to this court on appeal. Appellants contend the trial court either should have taken judicial notice of the prior record, including the expert affidavits, when ruling on appellees' motion to dismiss, or should have granted their motion to include the record in the first case with the record of the second case transmitted to this court for appellate review.

A trial court *may* take judicial notice of records on file in the same court, including the record of a prior action alleged to be the basis for a renewal action, but the court is not *required* to do so. *Petkas v. Grizzard*, 252 Ga. 104, 108-109 (312 SE2d 107) (1984). Further, although appellants argue that the trial court effectively had judicially noticed the record in the first action when it issued an order acknowledging that the two actions were related and thus should be heard by the same judge, we find no merit in this argument in view of the trial court's order on appellees' motion to dismiss in which the court specifically declined to take judicial notice of the affidavits filed in the prior action.

Nor do we agree with appellants that the trial court should have granted their motion to include both records on appeal. "Whenever the record of another case is considered by the trial court (because introduced into evidence or because judicial notice is taken), that prior record should be included in the record on appeal. [Cit.]" *Continental Ins. Co. v. Carter*, 171 Ga. App. 162, 163 (318 SE2d 770) (1984). Neither circumstance was met in this case as the prior record was neither introduced into evidence nor judicially noticed by the court below. The trial court is the final arbiter of any disputes in the preparation of the record, *Pelletier v. Schultz*, 157 Ga. App. 64, 68 (276 SE2d 118) (1981), and we find no error in the trial court's decision to deny appellants' motion to include the prior record.

5. Our holding in Division 3 renders moot appellees' motion to transfer the appeal to the Supreme Court.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 23, 1989 —
REHEARING DENIED FEBRUARY 6, 1989 —

*Arnall, Golden & Gregory, Jeffrey M. Smith, J. Randolph Evans, Austin E. Catts & Associates, Austin E. Catts, Robert H. Benfield, Jr.,* for appellants.

*Love & Willingham, Daryll Love, John E. Gilleland, Robert P. Monyak,* for appellees.