46738. BELL et al. v. FIGUEREDO et al.
(381 SE2d 29)

GREGORY, Justice.

In December of 1984, appellants, the Bells, sued appellees, Figueredo and Parkway Surgery Associates, P.C., for medical malpractice. In response to appellees' summary judgment motion, the Bells submitted expert affidavits and the trial court denied appellees' motion. The Bells later voluntarily dismissed without prejudice.

On July 1, 1987, after the case was voluntarily dismissed, OCGA § 9-11-9.1 became effective. On September 4, 1987, the Bells reinstituted their complaint against appellees for medical malpractice, but failed to file the supporting expert affidavit as OCGA § 9-11-9.1 requires. In response to appellees' motion to dismiss, the Bells attached the expert affidavits from the previous trial. The trial court granted the appellees' motion, holding that the renewal statute, OCGA § 9-2-

61, did not exempt the Bells from the filing requirements of OCGA § 9-11-9.1. The trial court also declined to take judicial notice of the affidavits filed in the original case.

On January 23, 1989, the Court of Appeals affirmed in *Bell v. Figueredo*, 190 Ga. App. 163 (378 SE2d 475) (1989). The Court of Appeals held that the renewal statute places a renewed action on the same footing with the original action only as concerns the statute of limitation. 190 Ga. App. at 164. Thus, the Court of Appeals held that the trial court properly concluded that the affidavit required by OCGA § 9-11-9.1 must be filed in this renewal action. The Court of Appeals also held that because the Bells never attempted to amend their complaint to add the affidavit, the Court could not review whether the defect was amendable. 190 Ga. App. at 165.

On April 6, 1989 we decided *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989), in which we held that a plaintiff's failure to attach a supporting affidavit to a complaint in a professional malpractice action is an amendable defect under Rule 15 (a) when the plaintiff has obtained the affidavit before filing but simply neglected to file it with the complaint.

On April 7, 1989 we granted the Bells' petition for writ of certiorari to consider whether this case is controlled by *Nease*, supra. We hold that it is.

Under *Nease* the Bells could amend their complaint because they had obtained the required affidavit before filing suit. The appellees contend that the Bells never did amend their complaint. The Bells argue that the affidavits they attached in response to the appellees' motion to dismiss in the present case did in effect amend their complaint and thus they complied with OCGA § 9-11-9.1 and Rule 15 (a) as construed in *Nease*.

We agree. There is no question that the appellees in this case, like the defendants in *Nease*, were protected from a frivolous lawsuit because the Bells had the required affidavit before filing. The Bells attached the affidavit in response to the appellees' motion to dismiss the present case. The response was filed at a time during the litigation when the right to amend without leave existed under OCGA § 9-11-15 (a). The Bells simply failed to call that attachment an "amendment."

It is well-established that there is " 'no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' " *Frost v. Frost*, 235 Ga. 672, 674 (221 SE2d 567) (1975). In the present case the affidavit functioned as an amendment to the complaint even though it was called by another name. We hold that under the circumstances of this case the Bells cured their defective complaint by filing an affidavit in response to the appellees' mo-

tion to dismiss and thereby complied with OCGA § 9-11-9.1.

*Judgment reversed. Marshall, C. J., Clarke, P. J., Smith, Bell, and Hunt, JJ., concur. Judge Perry Brannen, Jr. concurs specially. Weltner, J., not participating.*

BRANNEN, Judge, concurring specially.

I agree with the holding of the majority that the complaint should not have been dismissed, but this holding can be supported by the application of a well established rule of law and without the necessity of construing the response to a motion to dismiss as an amendment to the complaint.

The present appeal arises from the granting of a motion to dismiss for failure to attach the expert witness affidavit required by OCGA § 9-11-9.1. Although this code section requires that the affidavit shall be filed with the complaint, as originally enacted it provides no specific penalty for failure to comply with this requirement.

As a general rule, a motion to dismiss a complaint should not be granted for procedural or technical irregularities. *Tri-City Sanitation v. Action Sanitation Service*, 227 Ga. 489 (181 SE2d 377) (1971). OCGA § 9-11-9.1, as originally enacted, does nothing to modify this well established rule of law.

The code section now provides for circumstances under which the trial court is required to dismiss the complaint. The penalty for noncompliance was added by legislative amendment to correct the uncertain situation which has arisen in this and similar cases. Since this situation is now provided for by statute, it is unlikely to reoccur.

I would hold that the trial court erred in granting this motion to dismiss.

DECIDED JULY 7, 1989.

*Arnall, Golden & Gregory, Jeffrey M. Smith, J. Randolph Evans, Remler, Catts & Koski, Austin E. Catts, Robert H. Benfield, Jr.,* for appellants.

*Love & Williams, Daryll Love, John A. Gilleland, Robert P. Monyak,* for appellees.