## A94A0695. ATKINSON v. HOLT.
### (444 SE2d 838)

Cooper, Judge.

On February 24, 1992, plaintiff filed a "Complaint for Damages" against defendant for injuries sustained in an automobile collision on June 11, 1990. That complaint was identified by the Ware County Superior Court Clerk's Office as Civil Action No. 92V-154. On March 31, 1993, plaintiff voluntarily dismissed Civil Action No. 92V-154 without prejudice. On September 15, 1993, plaintiff filed another "Complaint for Damages" against defendant, purportedly pursuant to OCGA § 9-11-41. That complaint was also filed under Civil Action File No. 92V-154 and contained the following language: "The original dismissed Complaint for Damages in this case, a copy of which is attached and made Exhibit A, is herewith reasserted, and the Clerk is asked to recommence the action in accordance with OCGA § 9-11-41, place same on the docket and reinstate same as originally positioned." Plaintiff did not personally serve the second complaint but instead mailed a copy of the complaint to defendant's attorney of record and attached a certificate of service. Defendant answered the complaint, raising among his defenses, insufficiency of service and the expiration of the statute of limitation. In the same pleading, defendant moved to dismiss the action for failure to comply with OCGA § 9-11-41, and the trial court granted the motion. Plaintiff appeals from that order.

OCGA § 9-11-41 (a) allows a plaintiff to voluntarily dismiss an action without order of the court by filing a written notice of dismissal at any time before plaintiff rests his case. When a case filed within the applicable statute of limitation is voluntarily dismissed by the plaintiff, the case may be recommenced either within the applicable limitation period or within six months after the dismissal, whichever is later. OCGA § 9-2-61 (a). "[A] lawsuit renewed under OCGA § 9-2-61 is an action de novo, and accordingly, all procedural prerequisites such as filing of a new complaint and perfection of service must be met anew." (Citation omitted.) *Bell v. Figueredo*, 190 Ga. App. 163, 164 (1) (378 SE2d 475) (1989), rev'd on other grounds in 259 Ga. 321 (381 SE2d 29) (1989). Plaintiff filed a new complaint utilizing the same civil action number. However, plaintiff did not perfect service by having the complaint personally served on defendant as required under OCGA § 9-11-4 (d). Since plaintiff failed to comply with the procedural prerequisites required for a renewal action, the trial court properly granted defendant's motion to dismiss.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994 —
RECONSIDERATION DENIED JUNE 3, 1994 —

*M. Dean Hall*, for appellant.
*Dillard, Bower & East, Bryant H. Bower, Jr., Robert W. Lamb*,
for appellee.